UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION



TERENCE N. GLENN,

Plaintiff,

v.

WALMART INC.,

Defendant.

CIVIL ACTION NO:

# VERIFIED COMPLAINT FOR BREACH OF SETTLEMENT, FCRA ADVERSE ACTION VIOLATIONS, AND ADA DISCRIMINATION

## I. JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 regarding violations of the Fair Credit Reporting Act (15 U.S.C. § 1681m) and the Americans with Disabilities Act.

2.    Venue is proper under 28 U.S.C. § 1391(b).

## II. PARTIES

3. Plaintiff, Terence N. Glenn, is a resident of Revere, Massachusetts, and a person with legally documented severe disabilities.

4. Defendant Walmart Inc. is a multinational retail corporation operating the Spark Delivery platform, with a registered agent at CT Corporation System, 155 Federal St., Suite 700, Boston, MA 02110.

## III. STATEMENT OF FACTS

5. Plaintiff was an active participant in Defendant's Spark Delivery gig-economy platform, relying on this kinetic income to maintain his medically necessary ADA housing.

6. On February 26, 2026, the Federal Trade Commission (FTC) finalized a $100 Million settlement against Walmart regarding the Spark Delivery platform, establishing a $16.2 Million liquid "Driver Fund" after proving Walmart systematically deceived drivers regarding base pay and withheld tips.

7. Despite the FTC's findings and the liquid restitution fund, Defendant has continued to lock the Plaintiff out of his rightfully earned wages, executing a "soft hold" on his account in direct retaliation for his demands for transparency and accommodation.

8. Furthermore, acting as a "Consumer Report User," Defendant utilizes third-party algorithmic screening tools (such as those provided by Eightfold AI and others) to evaluate, filter, and lock out platform workers.

9. When Defendant executes an automated lockout or account freeze based on these hidden algorithmic profiles, they willfully fail to provide the mandatory "Adverse Action Notice" required by the FCRA, preventing the Plaintiff from understanding or disputing the algorithmic termination.

## IV. CAUSES OF ACTION

### COUNT I: BREACH OF PRIOR SETTLEMENT AGREEMENT (FTC RESTITUTION)

10. Plaintiff incorporates all preceding paragraphs.

11. Defendant is willfully withholding the Plaintiff's kinetic earnings and restitution explicitly guaranteed by the February 2026 FTC $100M federal enforcement action.

### COUNT II: FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681m - ADVERSE ACTION)

12. Plaintiff incorporates all preceding paragraphs.

13. Defendant weaponized algorithmic consumer reports to execute an adverse employment/platform action against the Plaintiff without providing the federally mandated Adverse Action disclosures.

### COUNT III: ADA TITLE III RETALIATION (42 U.S.C. § 12203)

14. Plaintiff incorporates all preceding paragraphs.

15. Defendant's financial withholding and algorithmic account freeze constitute direct retaliation against a disabled citizen attempting to enforce their civil and financial rights.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands:

A. Immediate disbursement of all withheld wages and FTC settlement restitution owed to the Plaintiff;

B. An Injunction lifting the "soft hold" on the Plaintiff's Spark account;

C. Statutory and punitive damages for willful FCRA Adverse Action violations;

D. A trial by jury on all issues triable by right; and

E. Grant such other and further relief as the Court deems mathematically and legally just.

## VERIFICATION UNDER RULE 11

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, mathematical calculation, and belief.

RESPECTFULLY SUBMITTED,

Terence N. Glenn, Pro Se

650 Ocean Ave, Unit 709

Revere, MA 02151

Phone: (617) 634-4234

Date: April 9, 2026