UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS



FILED
IN CLERKS OFFICE

2026 APR 13 PM 3:09

U.S. DISTRICT COURT
DISTRICT OF MASS.

USMS Screened

TERENCE NASHAWN GLENN,

Plaintiff,

v.

WALMART INC.,

Defendant.

Case No. 1:26-cv-11681

Hon. Brian E. Murphy

FIRST AMENDED COMPLAINT

(Submitted as a Matter of Course pursuant to FRCP 15(a)(1))

DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. Plaintiff Terence Nashawn Glenn ("Plaintiff"), proceeding pro se, brings this First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). This action seeks emergency injunctive relief and compensatory damages against Defendant Walmart Inc. ("Defendant") for systemic algorithmic discrimination, retaliation under Title V of

the Americans with Disabilities Act (ADA), violations of the Fair Credit Reporting Act (FCRA), and the willful withholding of federal restitution owed to the Plaintiff under the February 26, 2026, Federal Trade Commission (FTC) $100 Million Multistate Settlement.

## II. JURISDICTION AND VENUE

2. This Court maintains subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question), as the claims arise under the laws of the United States, specifically the Americans with Disabilities Act (42 U.S.C. § 12203) and the Fair Credit Reporting Act (15 U.S.C. § 1681m).

3. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b), as a substantial part of the events, automated algorithmic lockouts, and retaliatory actions giving rise to this claim occurred within this District.

## III. PARTIES

4. Plaintiff Terence Nashawn Glenn is a legally documented disabled citizen of the United States, residing in Revere, Massachusetts, and operating as an active participant on Defendant's Spark Driver digital platform.

5. Defendant Walmart Inc. is a multinational retail corporation headquartered in Bentonville, Arkansas, operating physical public accommodations and proprietary digital gig-economy platforms (Spark Driver) across the District of Massachusetts.

## IV. STATEMENT OF FACTS

6. On February 26, 2026, the FTC and a bipartisan group of Attorneys General finalized a $100 Million multistate settlement against Defendant for systematically deceiving Spark Drivers, withholding base pay, and misrepresenting tips. This judgment explicitly established a $16.2 Million "Driver Fund" for restitution to affected drivers.

7. Plaintiff is a legally recognized beneficiary of this settlement, entitled to liquid restitution for previously withheld kinetic earnings.

8. Plaintiff engaged in protected activity under the ADA by demanding transparency, reasonable accommodations, and the disbursement of rightfully earned kinetic income through the Spark Delivery platform to sustain his medically necessary housing.

9. In direct retaliation for this protected activity, Defendant deployed third-party algorithmic screening tools, specifically Eightfold AI, to execute an automated "soft hold" and lock the Plaintiff out of the platform. Defendant provided no human oversight, no transparent appeal process, and no formal Adverse Action Notice.

## V. CAUSES OF ACTION

### COUNT I: FCRA ADVERSE ACTION VIOLATION (15 U.S.C. § 1681m)

10. Plaintiff incorporates all preceding paragraphs.

11. Defendant acts as a "Consumer Report User" by deploying third-party algorithmic screening tools (including but not limited to Eightfold AI) to evaluate, filter, and execute automated lockouts against platform drivers.

12. Defendant weaponized these algorithmic consumer reports to execute an adverse platform action against the Plaintiff.

13. Defendant willfully failed to provide the mandatory "Adverse Action Notice" required by the Fair Credit Reporting Act, directly preventing the Plaintiff from understanding, disputing, or correcting the algorithmic termination, causing immediate and ongoing financial harm.

## COUNT II: ADA TITLE V RETALIATION AND COERCION (42 U.S.C. § 12203)

14. Plaintiff incorporates all preceding paragraphs.

15. Under ADA Title V (42 U.S.C. § 12203(a)), no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by the ADA. Furthermore, § 12203(b) prohibits interference, coercion, or intimidation against any individual exercising their ADA rights.

16. Plaintiff is a legally documented disabled citizen who engaged in protected activity by demanding reasonable accommodations and transparency regarding his kinetic income.

17. In direct retaliation, Defendant executed an algorithmic "soft hold" to freeze Plaintiff's account. This retaliatory lockout was engineered to coerce, intimidate, and financially starve the Plaintiff, thereby stripping his ability to maintain his ADA-compliant housing.

## COUNT III: BREACH OF SETTLEMENT AND WITHHOLDING OF FTC RESTITUTION

18. Plaintiff incorporates all preceding paragraphs.

19. As a direct result of the February 26, 2026, FTC $100 Million enforcement action, Plaintiff is entitled to liquid restitution from the established Driver Fund.

20. Defendant's retaliatory algorithmic lockout serves a dual purpose: to punish the Plaintiff for ADA protected activity, and to willfully obstruct the disbursement of federal FTC restitution rightfully owed to the Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Issue an immediate injunction requiring Defendant to lift the retaliatory algorithmic "soft hold" and restore Plaintiff's full access to the Spark Driver platform;

B. Order the immediate disbursement of all kinetic earnings and FTC Driver Fund restitution owed to the Plaintiff;

C. Award compensatory, statutory, and punitive damages for Defendant's willful violations of ADA Title V and the Fair Credit Reporting Act;

D. Award any further relief this Court deems just and proper to enforce algorithmic accountability and protect the Plaintiff's civil rights.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: April 13, 2026

Terence Nashawn Glenn, Pro Se

*[signature]*

650 Ocean Ave Apt # 709
Revere, MA. 02151
1-617-634-4234